# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GUIDEONE MUTUAL INS. CO., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-3280 |
| NAT'L PRESBYTERIAN CHURCH, INC., | * | |
| Defendant | * | |

## MEMORANDUM

This lawsuit for declaratory judgment was filed by Plaintiff GuideOne Mutual Insurance Company ("GuideOne") against National Presbyterian Church, Inc. (the "Church"), on November 4, 2013, and seeks a ruling from this Court as to whether Plaintiff is liable for coverage of a property damage claim filed by the Church under an insurance policy issued by Plaintiff on Church property located in Washington, D.C. (Compl., ECF No. 1.) GuideOne asserts that the damage to the Church, caused by an earthquake occurring on August 23, 2011, does not exceed the deductible. (*Id.* ¶ 3.) According to the complaint, the Church posits that the policy requires GuideOne to replace not only the damaged limestone masonry panels on the Church's exterior but also the undamaged panels so that the color of the Church's exterior façade is uniform. (*Id.*)

This is a diversity case based on GuideOne's state of incorporation and principal place of business in Iowa and the Church's state of incorporation in Maryland; the Church's principal place of business is Washington, D.C. (*Id.* ¶¶ 4-5.) Thus, suit would have been equally proper in federal district court in the District of Columbia. *See* 28 U.S.C. § 1332(c)(1) (corporation

deemed citizen of every State by which it has been incorporated and of State where it has its principal place of business); 28 U.S.C. § 1391(b)(1) and (2) (corporation suable in judicial district where it resides; venue proper in judicial district in which substantial part of events or omissions giving rise to claim occurred or in which substantial part of property subject of action is situated); 28 U.S.C. § 1391(c) (corporation deemed to reside in any district in which it is subject to court's personal jurisdiction).

Pending before the Court is the Church's motion to dismiss, transfer, or stay. (ECF No. 5.) Attached to the motion is a copy of a complaint ("D.C. Suit") filed by the Church against GuideOne in the federal district court for the District of Columbia. (*Id.* Ex. B to Saylor Decl.) GuideOne's suit also seeks declaratory relief, *i.e.*, a declaration on the question of insurance coverage *vel non* under the policy, as well as compensatory damages for breach of contract. (*Id.* ¶¶ 25-35.) According to the D.C. Suit's complaint, the parties had entered into a tolling agreement on the statute of limitations while they were discussing and negotiating the claim; the agreement expired on November 25, 2013, and GuideOne refused to extend it. (*Id.* ¶¶ 20-21.) The Church filed the D.C. Suit on November 22, 2013. (*Id.* Saylor Decl. ¶ 25.) No proceedings of substance have occurred in the instant suit.

Although the parties have argued at length as to whether the motion should be granted, the Court deems the most significant consideration the fact that the property that was damaged sits in the District of Columbia. If the policy should be interpreted to require replacement of undamaged limestone panels in order to satisfy esthetic concerns, then a jury view may well be necessary to the resolution of the case. In such an event, the most sensible forum is the federal court in Washington, D.C. As well, an affidavit submitted on behalf of the Church indicates that all staff members live and work in the metropolitan Washington, D.C., area. (Saylor Decl. ¶ 12.)

Thus, it would be most convenient for them to testify, if necessary, in the District of Columbia. On the other hand, the suit has no particular connection to the District of Maryland.

    A separate order will issue.

DATED this 11th day of February, 2014.

                                                          BY THE COURT:

                                                          /s/
                                                      James K. Bredar
                                                      United States District Judge